JOHN THACKER, *et ux. vs.* DANIEL MEDBURY, Admr.

JULY 6, 1911.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1) *Mortgages. Brokers. Agency. Equity.*

Mortgagor paid the principal of a mortgage to the broker who negotiated the loan, and the broker failed to pay it over to the owner of the mortgage and

latter started foreclosure. The broker did not have the mortgage or note in his possession, and no authority to receive the money was shown, and the owner was ignorant of such payment.

On bill brought to restrain foreclosure:—

*Held,* that mortgagor was not entitled to relief.

(2)　*Bills and Notes. Mortgages.*

A mortgage is valid to secure the note of a husband, although the wife may not be bound upon the note.

BILL IN EQUITY.　Heard on appeal of complainant and dismissed.

PER CURIAM.　The facts in this case and the law applicable to them were correctly established and determined by the Superior Court and the rescript of the Presiding Justice of said court is hereby adopted and approved as the opinion of this court, as follows:

"TANNER, P. J.　This is a bill in equity brought to restrain the enforcement of a mortgage given by the complainants to' the assignor of the respondents.

"The complainants paid the interest on the mortgage and also the whole of the principal to the broker who negotiated the loan.　The broker failed to pay the principal to the owner of the mortgage and the owner of the mortgage seeks to foreclose it.　The broker to whom the principal was paid did not have the mortgage note or mortgage in his possession when said principal was paid.　No express authority to receive the principal from the owner of the mortgage to the broker is shown.　The owner of the mortgage never knew that any portion of the principal was paid to the broker and we see no facts from which any authority to the broker to receive the principal can be inferred.　The case is one of great hardship to the complainants and we regret that we can afford them no relief, but upon the well settled principles of law, as applied to the facts in this case, we can find no apparent authority to the broker to receive the principal as agent of the owner of the mortgage.　No express authority was proven and none can be inferred from the facts.

The point taken by the complainants that the mortgage was not good because of the coverture of one of the complainants is not well taken.   It is well settled law that a mortgage would be good to secure the husband's note, though the wife would not be bound upon the note.

"The bill must therefore be dismissed."

Decree of the Superior Court dismissing the bill affirmed, and cause remanded to the Superior Court for further proceedings.

*James M. Gillrain, James F. Murphy,* for complainants.
*Gardner, Pirce & Thornley,* for respondent.
*Charles R. Haslam,* of counsel.